## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| RANDY SLIPHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS CONFORTI, and MARK E. YALE,<br><br>Defendants. | Case No. 2:21-cv-02757-JLG-KAJ<br><br>**MOTION OF RANDY SLIPHER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| JEAN-MARIE COUSINOU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON PRIME GROUP, INC., LOUIS CONFORTI, and MARK E. YALE,<br><br>Defendants. | Case No. 2:21-cv-03431-JLG-KAJ |

Randy Slipher ("Slipher") moves this Court for an order: (1) consolidating the above-captioned actions; (2) appointing Slipher as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Slipher's selection of Glancy Prongay & Murray LLP as Lead Counsel and Biller & Kimble, LLC as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

Slipher seeks consolidation of related actions, appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on the attached memorandum of law, the declaration of Andrew Kimble, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at a hearing on this motion.

Respectfully submitted,

Dated: July 23, 2021

**BILLER & KIMBLE, LLC**

By: __/s/ Andrew Kimble__
Andrew Kimble
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Email: akimble@billerkimble.com

*Liaison Counsel for Randy Slipher and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com

*Counsel for Randy Slipher and Proposed Lead Counsel for the Class*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| RANDY SLIPHER, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:21-cv-02757-JLG-KAJ |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RANDY SLIPHER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| v. | |
| LOUIS CONFORTI, and MARK E. YALE, | |
| Defendants. | |
| | |
| JEAN-MARIE COUSINOU, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:21-cv-03431-JLG-KAJ |
| Plaintiff, | |
| v. | |
| WASHINGTON PRIME GROUP, INC., LOUIS CONFORTI, and MARK E. YALE, | |
| Defendants. | |

3

Randy Slipher ("Slipher") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Slipher as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (3) approving Slipher's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Biller & Kimble, LLC as Liaison Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Washington Prime Group, Inc. ("WPG" or the "Company") securities between November 5, 2020 and March 4, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Slipher believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Slipher satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Slipher respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Slipher's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

WPG is a self-managed and self-administered real estate investment trust ("REIT") that owns properties and conducts operations through Washington Prime Group, L.P. ("WPG L.P.").

On February 16, 2021, WPG disclosed that its operating partnership, WPG L.P., had "elected to withhold an interest payment of $23.2 million due on February 15, 2021 with respect to WPG L.P.'s outstanding Senior Notes due 2024." The Company stated that, in an event of default, certain counterparties to the senior notes "could accelerate the outstanding indebtedness due . . . making such indebtedness due and payable, which would result in a cross-default with respect to some of WPG L.P.'s or the Company's other indebtedness."

On this news, the Company's stock price fell $4.59, or 38%, to close at $7.49 per share on February 16, 2021, on unusually heavy trading volume.[2]

Then, on March 4, 2021, *Bloomberg* reported that WPG "is preparing a potential bankruptcy filing as time runs out to avert default after it skipped an interest payment on its debt."

On this news, the Company's stock price fell $3.77, or 60%, to close at $2.51 per share on March 4, 2021, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that WPG's

---

[1] This section is adapted from the complaints in the above-captioned actions.
[2] All prices herein are adjusted to reflect the 1-for-9 reverse stock split effected on or about December 22, 2020.

financial condition was deteriorating substantially; (2) that, as a result, there was substantial uncertainty about the Company's ability to meet its capital structure obligations as they became due; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.    PROCEDURAL HISTORY

On May 24, 2021, plaintiff Randy Slipher commenced a securities class action against WPG and certain of its officers, captioned *Slipher v. Washington Prime Group, Inc., et al.*, Case No. 2:21-cv-02757 (the "*Slipher* Action"). On June 15, 2021, Slipher voluntarily dismissed the Company from the case. *See* Dkt. No. 7.

On June 9, 2021, plaintiff Jean-Marie Cousinou commenced a substantially similar lawsuit against WPG and certain of its officers, captioned *Cousinou v. Washington Prime Group, Inc., et al.*, Case No. 2:21-cv-03431 (the "*Cousinou* Action," and together with the *Slipher* Action, the "Related Actions").

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a).

Each of the Related Actions presents substantially the same factual and legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See French*

3

*v. CBL & Assocs. Props., Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016) (finding that "consolidation is particularly appropriate in securities class action litigation").

### B.  Slipher Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Slipher satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff.  Slipher has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule

of Civil Procedure 23. In addition, Slipher is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Slipher respectfully submit that he should be appointed lead plaintiff. *See Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1031 (S.D. Ohio 2005); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Slipher Filed a Timely Motion

Slipher has made a timely motion in response to a PSLRA early notice. On May 24, 2021, pursuant to Section 21(D)(a)(3)(A)(I) of the PSLRA, notice of the pendency of this case was published on *Business Wire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Andrew Kimble ("Kimble Decl."), Exhibit ("Ex.") A. Therefore, Slipher had sixty days (i.e., until July 23, 2021) to file a motion to be appointed as Lead Plaintiff. As a purchaser of WPG securities during the Class Period, Slipher is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Slipher attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Kimble Decl., Ex. B. Accordingly, Slipher satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Slipher Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Slipher believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Slipher purchased WPG securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Kimble Decl., Ex. C. To the best of his knowledge, Slipher is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Slipher believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Slipher Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage, lead plaintiff candidates need only "make a prima facie showing that they satisfy the typicality and adequacy prerequisites of Rule 23." *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *11 (S.D. Ohio Nov. 23, 2020).

### a) Slipher's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *See Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

Slipher's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Slipher alleges that Defendants' material misstatements and omissions concerning the Company's business, operations, and financial prospects violated the federal securities laws. Slipher, like all of the members of the Class, purchased WPG securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Slipher's losses, like the losses suffered by all other members of the Class, arises from the artificial inflation of the Company's securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Slipher's interests and claims are "typical" of the interests and claims of the Class.

### b)      Slipher Is An Adequate Representative

The adequacy requirement is satisfied where: "(1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

Slipher has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Kimble Decl., Ex. C. Slipher resides in Multnomah County, Oregon, and he has owned a roofing contractor business for nearly 40 years. He has been managing his own investment portfolio for approximately a year and a half. Slipher is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Slipher has selected GPM as lead counsel for the class and Biller & Kimble, LLC as liaison counsel. GPM possesses extensive experience in securities

7

litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Kimble Decl., Ex. D. GPM will consult Biller & Kimble, LLC regarding compliance with local rules. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Slipher's selection of counsel.

## V.      CONCLUSION

For the foregoing reasons, Randy Slipher respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions with the Consolidated WPG Action; (2) appointing Slipher as lead plaintiff; (3) approving Slipher's selection of Glancy Prongay & Murray LLP as lead counsel and Biller & Kimble, LLC as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  July 23, 2021

**BILLER & KIMBLE, LLC**

By:   */s/ Andrew Kimble*
Andrew Kimble
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Email: akimble@billerkimble.com

*Liaison Counsel for Randy Slipher and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com
prajesh@glancylaw.com

8

*Counsel for Randy Slipher and Proposed Lead Counsel for the Class*

9

## **CERTIFICATE OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 23, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of Ohio, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 23, 2021, at Cincinnati, Ohio.

*/s/ Andrew Kimble*
Andrew Kimble