**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: WASHINGTON PRIME GROUP, INC. SECURITIES LITIGATION | : | Master File No. 2:21-cv-2757 |
| | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | **DEFENDANTS' MOTION TO STAY PROCEEDINGS** |
| | : | |

Defendants, Louis Conforti ("Conforti") and Mark E. Yale ("Yale," and together with Conforti, "Defendants"), hereby move the Court for a stay of any further proceedings in this matter because: (1) the United States Bankruptcy Court, Southern District of Texas, Houston Division (the "Bankruptcy Court"), in the matter captioned *In re Washington Prime Group, Inc., et al.*, Chapter 11, Case No. 21-31948 (MI) (the "Bankruptcy Cases"), has issued an Order barring Plaintiffs from using any Discovery Material (as that term is defined in the Protective Order entered in the Bankruptcy Cases), and any derivative works, produced in the Bankruptcy Cases in this matter or otherwise, including Plaintiffs' extensive use of deposition transcripts of Defendants in Plaintiffs' Consolidated Amended Compliant (the "Amended Complaint"); (2) the Bankruptcy Court has scheduled an evidentiary hearing on December 16, 2021, to determine if Plaintiffs' counsel "used deception to obtain the Discovery Material," including the deposition transcripts that are the foundational documents to the Amended Complaint; and (3) as may be appropriate depending on the outcome of the December 16, 2021 hearing, the Bankruptcy Court has scheduled a hearing on January 24, 2022, on any contemplated motion by Plaintiffs seeking leave under the

Protective Order to use Discovery Material in this action despite the Protective Order's clear prohibition on using Discovery Material outside of the Bankruptcy Cases (the "Order").

A stay of any further proceedings is necessary and would promote judicial efficiency and conserve the parties' resources because Plaintiffs are currently prohibited by the Bankruptcy Court's Order from prosecuting the Amended Complaint in its current form as it contains extensive references to and quotations of the Discovery Material. Moreover, until the Bankruptcy Court finally determines whether Plaintiffs' and/or their counsel's possession of the Discovery Material was a violation of the Protective Order and whether notwithstanding the terms of the Protective Order they may use such information outside of the Bankruptcy Cases, there is no clarity on what Plaintiffs' operative pleading will be. Accordingly, Defendants respectfully request a stay of any further proceedings in this action pending final resolution by the Bankruptcy Court related to Plaintiffs' and/or their counsel's possession and use of Discovery Material in this action. Absent a stay, Defendants will be compelled to spend significant time and resources responding to the Amended Complaint, which in all likelihood will not be the operative pleading going forward. Moreover, if no stay issues, Plaintiffs' continued prosecution of the Amended Complaint (and Defendants' response to same) would be a direct violation of the Bankruptcy Court's Order prohibiting the use of Discovery Materials in this matter.

Accordingly, Defendants respectfully request a stay of any further proceedings in this action, including, without limitation, staying Defendants' obligation to respond to the pending Motion to Seal (Dkt. No. 27), deferring any ruling on the Motion to Seal, and staying all deadlines concerning Defendants' response to the Amended Complaint, until such time as the Bankruptcy Court finally determines the issues related to Plaintiffs' and/or their counsel's possession and use

of Discovery Material.  Defendants submit the attached Memorandum of Law, and the exhibits thereto, in support of the instant motion.

 Dated: November 17, 2021

Respectfully submitted,

**BLANK ROME LLP**

/s/  John P. Curp
Michael L. Cioffi
John P. Curp
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 362-8701
cioffi@blankrome.com
john.curp@blankrome.com

Evan H. Lechtman
(*pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5367
evan.lechtman@blankrome.com

Andrew T. Hambelton
(*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
andrew.hambelton@blankrome.com

*Counsel for Defendants Louis Conforti and Mark E. Yale*

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: WASHINGTON PRIME GROUP, INC. SECURITIES LITIGATION | : | Master File No. 2:21-cv-2757 |
| | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO STAY PROCEEDINGS

Defendants, Louis Conforti ("Conforti") and Mark E. Yale ("Yale," and together with Conforti, "Defendants"), motion for a stay of any further proceedings should be granted because a stay would promote judicial efficiency and conserve the parties' resources given that Plaintiffs are currently prohibited by an Order of the United States Bankruptcy Court, Southern District of Texas, Houston Division (the "Bankruptcy Court"), from prosecuting their Consolidated Amended Complaint ("Amended Complaint") in its current form with extensive references to and quotations of Discovery Material[1] that was produced in the matter captioned *In re Washington Prime Group, Inc., et al.*, Chapter 11, Case No. 21-31948 (MI) (the "Bankruptcy Cases"). Moreover, until the Bankruptcy Court finally determines whether Plaintiffs' and/or their counsel's possession of Discovery Material was a violation of the Protective Order and whether notwithstanding the terms of the Protective Order they may use such information outside of the Bankruptcy Cases, it is unclear what Plaintiffs' operative pleading will be.  Accordingly, Defendants respectfully request

---

[1] The term, "Discovery Material," is defined in the Bankruptcy Court's Protective Order, and includes the deposition transcripts of Defendants that were taken in connection with the Bankruptcy Cases.

a stay of any further proceedings in this action, including, without limitation, staying Defendants' obligation to respond to the pending Motion to Seal (Dkt. No. 27), deferring any ruling on the Motion to Seal, and staying all deadlines concerning Defendants' response to the Amended Complaint, until such time as the Bankruptcy Court finally determines the issues related to Plaintiffs' and/or their counsel's possession and use of Discovery Material.  In support of the motion, Defendants state as follows:

1.      On November 1, 2021, Plaintiffs purported to serve the Amended Complaint on the undersigned counsel by email.  At that time, Plaintiffs did not file the Amended Complaint on the docket; rather, Plaintiffs filed a motion to seal the Amended Complaint (Dkt. No. 27) because it extensively quotes and references deposition testimony given by Defendants, who are a current officer and a former officer of Washington Prime Group, Inc. ("WPG"), in the Bankruptcy Cases and was thus subject to the Bankruptcy Court's Protective Order limiting the possession, dissemination and use of such information.

2.      Because Plaintiffs' and their counsel's possession and use of the deposition testimony in the Amended Complaint plainly violated the terms of the Bankruptcy Court's Protective Order, Defendants, counsel for the Reorganized Debtors, and counsel for the Equity Committee, demanded basic information from Plaintiffs' counsel concerning, *inter alia*, how they came to possess the deposition transcripts, what other Discovery Material they received and who else they may have disseminated the protected material to. In addition, because the Protective Order unambiguously limits the use of any Discovery Material, including the deposition transcripts of the Defendants, to the Bankruptcy Cases, Defendants, counsel for the Reorganized Debtors, and counsel for the Equity Committee, all demanded that Plaintiffs cease using the Discovery Material in this action, including in the Amended Complaint.

145808.00603/127512428v.4

3.        Plaintiffs, however, were not forthcoming in their responses concerning how they came into possession of the Discovery Material, nor were they willing to cease use of such material in this action. As a result, on November 12, 2021, counsel for the Reorganized Debtors filed in the Bankruptcy Court an emergency motion to compel Plaintiffs' and their counsel's compliance with the Bankruptcy Court's Protective Order.  (A copy of that motion, without attachments, is attached hereto as **Exhibit 1**.)

4.        On November 15, 2021, the Bankruptcy Court held a hearing on the motion to compel compliance with its Protective Order and issued an Order that same day holding: (a) "use of Discovery Material for any purpose outside of [the Bankruptcy] Cases is prohibited under Paragraph 10 of the Protective Order…[thus Plaintiffs and their counsel] shall immediately cease using all Discovery Material and any derivative works" in this action; (b) Plaintiffs and their counsel "are ordered to refrain from disseminating, distributing, or sharing in any manner all Discovery Material or derivative works referencing Discovery Material to any individuals or entities whether in connection with [this action] or for any other purpose"; (c) the Bankruptcy Court will hold an evidentiary hearing on December 16, 2021, to determine whether Plaintiffs or their counsel "used deception to obtain Discovery Material"; and (d) depending on the outcome of the December 16 hearing, the Bankruptcy Court may hold a hearing on January 24, 2022, on any motion by Plaintiffs for leave under the Protective Order to use the Discovery Material in this action.  (A copy of the Bankruptcy Court's Order dated November 15, 2021 is attached hereto as **Exhibit 2**.)

5.        "Federal courts have inherent power to stay proceedings before them." *Currey v. Davol, Inc.*, No. 2:18-cv-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018).  "A federal court may stay proceedings as part of its inherent power to 'control the disposition of the causes on its

145808.00603/127512428v.4

docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). A district court's broad discretion to stay a case, "includes the power to stay a matter pending resolution of independent proceedings which bear upon the case at hand." *Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, at *1 (S.D. Ohio Aug. 14, 2012) (internal citations and quotations omitted).

6.      Here, the Bankruptcy Court has already held that Plaintiffs may not use Discovery Material from the Bankruptcy Cases in this action, including using or referring to the deposition transcripts of Defendants in the Amended Complaint. (*See* Ex. 3.) Moreover, the Bankruptcy Court has not yet ruled on whether Plaintiffs' or their counsel's possession of the Discovery Material constitutes a violation of the Bankruptcy Court's Protective Order. If it does, Plaintiffs will not under any circumstances be able to prosecute the Amended Complaint in its current form and will be required to amend it. If the Plaintiffs and/or their counsel are found to properly be possession of the Discovery Material, they may only use the Discovery Material from the Bankruptcy Cases in this action, including in the Amended Complaint, if they are granted leave to do so from the Bankruptcy Court given that the Protective Order expressly precludes use outside of the Bankruptcy Cases. (*Id*.)

7.      Thus, until the Bankruptcy Court resolves the issues of Plaintiffs' and their counsel's possession and use of the deposition transcripts of Defendants from the Bankruptcy Cases, there is no certainty as to what Plaintiffs' operating pleading will be. In light of this, it promotes judicial efficiency and conserves the resources of the parties to grant Defendants' motion for a stay of any further proceedings so that Defendants are not forced to respond to the Amended Complaint when there is serious doubt whether it will be the operative pleading going forward. Moreover, if no stay issues, Plaintiffs' continued prosecution the Amended Complaint (and

4

Defendants' response to same, which is currently due on January 3, 2022) would be a direct violation of the Bankruptcy Court's Order prohibiting the use of Discovery Materials in this matter.

8.      Accordingly, Defendants request that their motion to stay any further proceedings in this action be granted, including, without limitation, staying Defendants' obligation to respond to the pending Motion to Seal (Dkt. No. 27), deferring any ruling on the Motion to Seal, and staying all deadlines concerning Defendants' response to the Amended Complaint, until such time as the Bankruptcy Court resolves the outstanding issues concerning Plaintiffs' and their counsel's possession and use of Discovery Materials in this action.

9.      Defendants will promptly notify the Court when the Bankruptcy Court issues a final determination as to Plaintiffs' and their counsel's possession and use of Discovery Materials in this action.

10.     Defendants also request, should the Court deem it necessary, a conference with the Court to further address these issues.

Dated: November 17, 2021

Respectfully submitted,

**BLANK ROME LLP**

/s/  John P. Curp
Michael L. Cioffi
John P. Curp
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 362-8701
cioffi@blankrome.com
john.curp@blankrome.com

Evan H. Lechtman
(*pro hac vice*)
One Logan Square

5

130 North 18th Street
Philadelphia, PA 19103
(215) 569-5367
evan.lechtman@blankrome.com

Andrew T. Hambelton
(*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
andrew.hambelton@blankrome.com

*Counsel for Defendants Louis Conforti and*
*Mark E. Yale*

6

145808.00603/127512428v.4

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/  John P. Curp
John P. Curp (0064782)

145808.00603/127512428v.4