**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE: WASHINGTON PRIME GROUP, INC.,
SECURITIES LITIGATION

Master File No. 2:21-cv-2757

Judge James L. Graham

Magistrate Judge Kimberly A. Jolson

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL OR REDACT**
**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Louis Conforti ("Conforti") and Mark E. Yale ("Yale") (collectively, "Defendants"), by their undersigned counsel, hereby submit this Response to Plaintiffs' Motion to Seal or Redact Consolidated Amended Complaint ("Motion to Seal") [Dkt. 27].  For the reasons set forth herein, a decision on the Motion to Seal should be deferred, in accordance with Defendants' requested stay of this case [See Dkt. 29].

Plaintiffs' Consolidated Amended Complaint (the "Amended Complaint") is replete with references to, and quotations of, Confidential, Advisors'-Eyes Only deposition testimony given by Defendants in connection with the Washington Prime Group, Inc. ("WPG") bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, *In re Washington Prime Group, Inc., et al.*, Chapter 11, Case No. 21-31948 (MI) (the "Bankruptcy Cases").  It is that information which Plaintiffs seek to shield from public disclosure through its Motion to Seal.

Plaintiffs' and their counsel's possession and use of the deposition testimony in the Amended Complaint plainly violates the terms of a protective order issued by the Bankruptcy Court in the Bankruptcy Cases (the "Protective Order").  Accordingly, immediately upon learning

2

of Plaintiffs' and their counsel's possession and use of this information, Defendants' counsel, as well as counsel for the Reorganized Debtors and counsel for the Equity Committee, demanded basic information from Plaintiffs concerning, *inter alia*, how they came to possess the deposition transcripts, what other Discovery Material they received and who else they may have disseminated the protected material to. In addition, because the Protective Order unambiguously limits the use of any Discovery Material, including the deposition transcripts of the Defendants, to the Bankruptcy Cases, Defendants' counsel, counsel for the Reorganized Debtors, and counsel for the Equity Committee, all demanded that Plaintiffs cease using the Discovery Material in this action, including in the Amended Complaint.

Plaintiffs refused to provide responses to these basic requests and were unwilling to cease use of such material in this action. As a result, on November 12, 2021, counsel for the Reorganized Debtors filed in the Bankruptcy Court an emergency motion to compel Plaintiffs' and their counsel's compliance with the Bankruptcy Court's Protective Order.

On November 15, 2021, the Bankruptcy Court held a hearing on the motion to compel compliance with its Protective Order and issued an Order that same day (the "Order") holding: (a) "use of Discovery Material for any purpose outside of [the Bankruptcy] Cases is prohibited under Paragraph 10 of the Protective Order…[thus Plaintiffs and their counsel] shall immediately cease using all Discovery Material and any derivative works" in this action; (b) Plaintiffs and their counsel "are ordered to refrain from disseminating, distributing, or sharing in any manner all Discovery Material or derivative works referencing Discovery Material to any individuals or entities whether in connection with [this action] or for any other purpose"; (c) the Bankruptcy Court will hold an evidentiary hearing on December 16, 2021, to determine whether Plaintiffs or their counsel "used deception to obtain Discovery Material"; and (d) depending on the outcome of

145808.00603/127534053v.2

the December 16 hearing, the Bankruptcy Court may hold a hearing on January 24, 2022, on any motion by Plaintiffs for leave under the Protective Order to use the Discovery Material in this action.  A copy of the Order is attached hereto as **Exhibit 1**.

In light of the Bankruptcy Court's ruling that Plaintiffs are prohibited from using the deposition transcripts in connection with this case, including in the Amended Complaint, and as a result of the future proceedings currently scheduled in the Bankruptcy Court for December 16 and January 24 related to that issue, Defendants moved for a stay of this case on November 17, 2021, including the deferral of a decision on the instant Motion to Seal and a suspension of all pending deadlines.  [See Dkt. 29]  Accordingly, Defendants respectfully request that a decision on the Motion to Seal be deferred until after such time as the proceedings before the Bankruptcy Court concerning Plaintiffs' and their counsel's possession and use of the deposition transcripts have concluded and Defendants' requested stay has been lifted.

Dated: November 18, 2021

Respectfully submitted,

**BLANK ROME LLP**

/s/  John P. Curp
Michael L. Cioffi
John P. Curp
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 362-8701
cioffi@blankrome.com
john.curp@blankrome.com

Evan H. Lechtman
(*pro hac vice*)
One Logan Square

4

145808.00603/127534053v.2

130 North 18th Street
Philadelphia, PA 19103
(215) 569-5367
evan.lechtman@blankrome.com

Andrew T. Hambelton
(*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
andrew.hambelton@blankrome.com

*Counsel for Defendants Louis Conforti and
Mark E. Yale*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/  John P. Curp

John P. Curp (0064782)

5

145808.00603/127534053v.2