**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE: WASHINGTON PRIME GROUP, INC. SECURITIES LITIGATION | Master File No. 2:21-cv-2757 |
| | **PLAINTIFFS' COMBINED RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO STAY AND REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL** |

Plaintiffs respectfully submit the following combined Response in Partial Opposition to Defendants' Motion to Stay and Reply to Defendants' Response to Plaintiffs' Motion to Seal, as follows.

All parties agree that resolution of the Motion to Seal should be deferred, as should Defendants' response to Plaintiff's Consolidated Amended Complaint ("Complaint"), pending further proceedings before the United States Bankruptcy Court for the Southern District of Texas, Houston Division, *In re Washington Prime Group, Inc.*, et al., Chapter 11, Case No. 21-31948 (MI) (the "Bankruptcy Cases"). Those proceedings are set for hearing on December 16, 2021 and/or January 22, 2022. *See* Exhibit 1 to Defendants' Response to Plaintiffs' Motion to Seal, at 2, ¶¶ 3-4. Accordingly, the Court should defer ruling on the Motion to Seal and authorize the deferral of Defendants' response to the Complaint pending further notification from the parties. Plaintiffs further maintain that the parties should update the Court as to the status of the Bankruptcy Cases no later than 60 days from today.

1

The parties diverge, however, as to whether an entire stay of this action is presently warranted.  Plaintiffs respectfully submit that it is not.  While the above-referenced deferrals have been agreed to by the parties in the interests of conservation of the Court's resources and those of the parties, it is not clear what Defendants further seek in requesting a stay of the entire action.  Their principal argument in support of a blanket stay is that it is inefficient for Defendants to expend resources responding to the Complaint, as it may be amended.  But Plaintiffs have already consented to a deferral of Defendants' obligation to respond to the Complaint, so that issue, subject to the Court's approval, is moot.

Defendants fail to establish good cause for a broader unspecified stay.  Such a complete stay of proceedings is not appropriate at this time as, depending on resolution of the issues raised in the Bankruptcy Cases, Plaintiffs may seek leave to amend the Complaint or seek other judicial relief and wish to preserve the right to do so.  A complete, stay, however, unnecessarily complicates such a process.  Accordingly, and especially given the deferrals Plaintiffs consented to in writing *before* Defendants moved for a stay, as reflected in Exhibit 1 hereto, such a broad stay is unwarranted.

In sum, Plaintiffs' consent, subject to the Court's approval, to deferring a ruling on the Motion to Stay until resolution of the issues set for hearing in December and January in the Bankruptcy Cases, as well as similarly deferring Defendants' response to the Complaint. However, the broader blanket stay sought by Defendants is unwarranted and their request for such a stay should be denied.

/ / /

/ / /

/ / /

2

DATED: December 1, 2021

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Ex Kano S. Sams II*
Ex Kano S. Sams II
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310)-201-9150

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**THE WAGNER FIRM**
Avraham N. Wagner
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

*Additional Counsel*

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel

of record.

> *s/ Ex Kano S. Sams II*
> Ex Kano S. Sams II