**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: WASHINGTON PRIME GROUP, INC., SECURITIES LITIGATION | Master File No. 2:21-cv-2757<br><br>Judge James L. Graham<br><br>Magistrate Judge Kimberly A. Jolson |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY

Defendants Louis Conforti ("Conforti") and Mark E. Yale ("Yale") (collectively, "Defendants"), by their undersigned counsel, hereby submit this Reply in Support of their Motion to Stay ("Motion to Stay") [Dkt. 29] and in particular, to respond to Plaintiffs' Response thereto (the "Response"). [Dkt. 32].  For the reasons set forth herein and in Defendants' Motion to Stay, the Motion to Stay should be granted.

On November 15, 2021, the United States Bankruptcy Court for the Southern District of Texas, Houston Division, in the action captioned *In re Washington Prime Group, Inc. et al.*, Chapter 11, Case No. 21-31948, issued an Order expressly prohibiting Plaintiffs from "using all Discovery Material and any derivative works" in this action and from "disseminating, distributing or sharing in any manner all Discovery Material or derivative works referencing Discovery Material to any individuals or entities whether in connection with the Securities Litigation or for any other purpose."  [Dkt. 29 at Ex. 2].  That Order was necessitated by and extends to Plaintiffs' attempted use of Discovery Materials in connection with the proffered Consolidated Amended Complaint (the "Amended Complaint") in this case.

2

The Bankruptcy Court has scheduled an evidentiary hearing on December 16, 2021, to determine whether Plaintiffs used deception to obtain the Discovery Material at issue.  Depending on the outcome of the December 16 hearing, the Bankruptcy Court has scheduled a further hearing for January 24, 2022, concerning any motion by Plaintiffs to seek leave under the Bankruptcy Court's protective order to use Discovery Material in the instant case.

The Parties are in agreement that the time afforded to Defendants to respond to the Plaintiffs' operative pleading should not begin to run until after the above-referenced proceedings before the Bankruptcy Court are concluded and determinations are made as to whether Plaintiffs acted deceitful, and, if appropriate, whether any modifications to the Bankruptcy Court's protective order are warranted.  It is expected that decisions on these issues should be issued by late January.  Likewise, the Parties are also in agreement that a decision on Plaintiffs' Motion to Seal [Dkt. 27] should be deferred until that time.

While there in no dispute as to these core issues, Plaintiffs nonetheless object to Defendants' request that the case be stayed. That objection places form over substance. Defendants are simply asking that a stay be imposed until such time that the Bankruptcy Court issues a ruling as to Plaintiffs' deceitful conduct and the appropriateness of any modifications to the Protective Order, as the resolution of these issues will have a direct impact on what Plaintiffs' operative pleading in this case will look like.  Defendants are not requesting an indefinite stay, as Plaintiffs appear to imply.  Given the agreement of the Parties that Defendants' time to respond to the operative pleading in this case should not run and the deferral of the Motion to Seal, coupled with the Bankruptcy Court's clear Order prohibiting Plaintiffs from using Discovery Material from the Bankruptcy Proceeding in this case, such a short stay is appropriate.

Accordingly, Defendants' respectfully request that the above-captioned case by stayed until February 1, 2022, and that a status conference be scheduled on or about that date.  Moreover, to the extent developments occur which would warrant the termination of the requested stay before February 1, 2022, Defendants will promptly notify the Court.

Dated: December 2, 2021

Respectfully submitted,

**BLANK ROME LLP**

/s/  John P. Curp
Michael L. Cioffi
John P. Curp
1700 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 362-8701
cioffi@blankrome.com
john.curp@blankrome.com


Evan H. Lechtman
(*pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5367
evan.lechtman@blankrome.com

Andrew T. Hambelton
(*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5345
andrew.hambelton@blankrome.com

*Counsel for Defendants Louis Conforti and*
*Mark E. Yale*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/  John P. Curp

John P. Curp (0064782)