**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RANDY SLIPHER,**

        **Plaintiff,**

  **v.**                              **Civil Action 2:21-cv-2757**
                                       **Judge James L. Graham**
                                       **Magistrate Judge Jolson**

**WASHINGTON PRIME GROUP,**
**INC., ET AL.,**

        **Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion to Seal Consolidated Amended Complaint (Doc. 27) and Defendants' Motion to Stay Proceedings (Doc. 29). Shortly after the Court consolidated this matter with a related case (Doc. 14), the parties jointly proposed a deadline for the filing of a Consolidated Amended Complaint and a briefing schedule for other motions (Doc. 21), which was adopted (Doc. 26). Before filing the Consolidated Amended Complaint, Plaintiffs requested that it be filed under seal, as it "references and quotes from deposition transcripts . . . that were marked confidential/professionals' eyes only" under a protective order entered in a case involving Defendants before the United States Bankruptcy Court for the Southern District of Texas, Houston Division. (Doc. 27 at 1).

Defendants responded by moving for a stay of proceedings, representing that the Bankruptcy Court had issued an Order barring Plaintiffs from using discovery material from the bankruptcy proceeding in the instant case. (Doc. 29 at 1). Additionally, the Bankruptcy Court has scheduled two hearings. The first, set for December 16, 2021, is an evidentiary hearing to determine whether Plaintiffs' counsel "used deception to obtain the Discovery Material." (*Id.*).

The second, set for January 24, 2022, is a hearing on any motion by Plaintiffs seeking leaving under the protective order to use discovery material in the instant case.  (*Id.* at 1–2); *see also In re Washington Prime Group, Inc., et al.*, Case No. 21-31948 (MI) (S.D. Tex.), at Doc. 1174. Defendants ask that a ruling on the Motion to Seal be deferred, and the proceedings be stayed, until after the hearings before the Bankruptcy Court.  (Doc. 29 at 2–3).

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently."  *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).  Currently, the contents of Plaintiff's Consolidated Amended Complaint depend, in part, on rulings from the Bankruptcy Court on the  acceptable use of discovery material protected under its prior order.  The Court does not find it efficient for the parties or the Court to proceed through the pleading stage of this case while the contents of the Complaint are in flux.  Instead, the parties should proceed with pleading, and the Court may consider a motion for sealing, when Plaintiffs may be more certain that their Complaint is truly the operative pleading for the case.

Accordingly, Defendants' Motion to Stay Proceedings (Doc. 29) is **GRANTED**.  All case deadlines are **STAYED** until February 1, 2022.  The Court will defer ruling on the Motion to Seal while the case is stayed.  Additionally, the Court **SETS** a telephonic status conference for February 1, 2022 at 10:00am.  At that conference, the parties may propose how the instant case should proceed in light of the Bankruptcy Court proceedings.

IT IS SO ORDERED.

Date:  December 7, 2021

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

2